### MALOY, tax-collector, v. WILLIAMS et al.

1. The act approved August 13th, 1910 (Acts 1910, p. 302), requiring the sureties on bonds of county officers in Telfair county to be guaranty companies authorized under the laws of this State to become sureties on official bonds, is violative of art. 1, sec. 4, par. 1, of the constitution of this State, in that it is a local law on a subject for which there was provision by an existing general law at the time of its adoption, and, if given effect, would prevent the general law from having uniform operation throughout the State.

2. Accordingly, it was erroneous on a quo-warranto proceeding against the tax-collector of Telfair county to oust him from his office on the ground that he had not given an indemnity bond under the provisions of the act.

JULY 19, 1913.

Quo warranto. Before Judge Graham. Telfair superior court. March 8, 1913.

*L. C. Harrell* and *Eschol Graham,* for plaintiff in error.
*W. A. Wooten, W. C. McAllister,* and *W. S. Mann,* contra.

ATKINSON, J. Error is assigned on a judgment ousting a tax-collector from his office on writ of quo warranto. The officer had been elected and had given bond with personal sureties, and entered upon the discharge of his duties, but had not given bond with an indemnity company as surety. The act approved August 13th, 1910 (Acts 1910, p. 302), declares: "Be it enacted by the Gen-

eral Assembly of this State, and it is hereby enacted by authority of the same, that from and after the passage of this act, all county officers of the county of Telfair, in this State, who are required by law to execute bonds for the discharge of their official duties, be and they are hereby required to give as surety on such bonds some guaranty company authorized by the laws of this State to become securities on such bonds." The ground upon which the officer was ousted from his office was that he had not given the bond required by this act. The correctness of the decision, therefore, depends upon the effect to be given to the act. It was attacked as violative of the State constitution on several grounds, only one of which need be mentioned, viz.: The act was a local act applicable only to the county of Telfair, whereas at the time of its adoption provision had been made by existing general laws covering the subject dealt with in the act; therefore it was violative of art. 1, sec. 4, par. 1, of the constitution of this State (Civil Code, § 6391), which declares: "Laws of a general nature shall have uniform operation throughout the State, and no special law shall be enacted in any case for which provision has been made by an existing general law," etc. The act of 1910, supra, includes among other county officers tax-collectors; and clearly it was applicable only to Telfair county, and required the giving of indemnity companies as surety, and excluded the giving of personal sureties. At the time of the adoption of the act there were in existence laws on the subject of tax-collectors' bonds, as follows: Civil Code, § 1207: "He shall also give bond and security for thirty-three and one third per cent. more than the State tax supposed to be due from the county for the year for which said officer is required to give bond, the amount of the bond to be filled up by the comptroller-general before being sent out to the county from the Executive office; and shall give another bond with sufficient security, payable to the ordinary, conditioned for the faithful performance of his duties as collector of the county tax, in a sum to be fixed by such ordinary." § 1208: "Such bond for county taxes, when given, must be approved by the ordinary, filed in his office, recorded in the book," etc. § 1209: "Tax-collectors shall not collect any portion of the county tax until such bond is given; and if they fail to give such a bond, or one satisfactory to such ordinary, he may appoint some competent person to collect the county tax." § 292: "The

official bonds of the clerks of the superior court, of sheriffs, coroners, county surveyors, county treasurers, tax-collectors and receivers, given for county taxes, must be approved by the ordinary and filed in his office, and by him recorded. The bonds of tax-collectors and receivers for State taxes, after being likewise approved, must be recorded by the ordinary, and the original bond must be by him transmitted to the Governor for deposit in the comptroller-general's office." § 291: "Every official bond executed under this Code is obligatory on the principal and sureties thereon ⁵ —1. For any breach of the condition during the time the officer continues in office or discharges any of the duties thereof. 2. For any breach of the condition by a deputy, although not expressed, unless otherwise declared by law. 3. For the faithful discharge of any duties which may be required of such officer by any law passed subsequently to the execution of such bond, although no such condition is expressed therein. 4. For the use and benefit of every person who is injured, as well by any wrongful act committed under color of his office as by his failure to perform, or by the improper or neglectful performance of those duties imposed by law." These were general laws applicable in all the counties of the State, and applied to the office of tax-collector. They constituted the general law in reference to the bonds of tax-collectors in this State, save only the provisions of the Civil Code, § 282, which declares: "Guarantee or security companies incorporated under the laws of this State may become security upon the bonds of all State or county officers, and the various officers of this State, whose duty it is to approve the sureties upon such bonds, are authorized to accept such company or companies as one of the sureties or the only surety upon such bond as the solvency of such company may warrant;" and Civil Code, § 2554, which declares: "Solvent guarantee companies, surety companies, fidelity-insurance companies, and fidelity and deposit companies incorporated and organized under the laws of this State, or any other State of the United States, for the purpose of transacting business of fidelity-insurance, which have a paid-up capital of two hundred and fifty thousand dollars, and which shall have complied with all the requirements of law as to license required by the State, may upon proper proof thereof, and upon production of evidence of solvency, be accepted upon the bonds of all city, county, and State officers of

this State; and the various officers of this State, whose duty it is to approve the sureties upon such bonds, are hereby authorized to accept such company or companies as one of the sureties, or the only surety, upon such bonds as the solvency of such company may warrant: Provided, no company shall be relieved of its liability upon any such bond by reason of the fact that the books and ac- counts of the principal have been examined and approved as correct by the proper authorities, when in fact there has been a breach of said bond and a loss occurring from such breach." Under the four code sections first above mentioned, personal sureties could be given on tax-collectors' bonds. Under the provisions of sections 282 and 2554, guaranty and fidelity companies possessing certain qualifications were permitted to become sureties on such bonds; but the two sections last mentioned obviously were not intended to impair the privilege of giving personal sureties under the general laws embraced in the four sections first mentioned. It appears, therefore, that at the time of the adoption of the act of 1910 there were existing general laws in regard to sureties on the bonds of tax-collectors, whereby personal sureties and guaranty and fidelity companies possessing certain qualifications could be given. The local act, the clear intent of which was to prevent the tax-collector, among other county officers, from giving any surety except an indemnity company, therefore dealt with a matter covered by existing general laws, and, if carried into effect, would prevent the uniform operation of the general laws in regard to the surety on tax-collectors' bonds. The act is violative of the provision of the constitution referred to above, and should not have been given effect by the judge in passing on the case.

*Judgment reversed. All the Justices concur.*